## Baker v. Commonwealth.

(Decided October 9, 1931.)

W. W. JESSE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, whom we shall call the defendant, was convicted of violating section 1585 of the Kentucky Statutes, by voting more than once at an election, and his punishment fixed at one year in the penitentiary. His motion for a new trial was overruled, and he has appealed.

It was shown by the four election officers at Long's precinct, in Shelby county, and at the primary election held August 3, 1929, that T. W. Baker, whom the officers identified as the defendant, had received, about 1 o'clock that day, ballot No. 44, had taken that ballot into the voting booth, remained there long enough to have voted it, and then returned the ballot folded to the election officers, by one of whom the secondary stub was torn from the ballot and the ballot deposited in the ballot box; that 160 ballots were cast in that precinct; and that none of the 160 ballots was spoiled.

It was shown by the four election officers at Doak's precinct, on this same day, a little before 4 o'clock, in this same county, and at this same election, that Tom Baker, whom the officers identified as the defendant, had received ballot No. 153, had taken this ballot with him into the voting booth, had remained there the usual time, which was long enough to have stamped it, had returned the ballot folded to the election officers by one of whom the secondary stub was detached and the ballot placed in the ballot box; that 154 ballots were cast at this precinct; and that of these all were counted, except one, which was not counted because, so three of the officers say, it had not been stamped at all. The evidence of the other officer is that this ballot was not counted because it was stamped in such a way that they could not tell for whom the voter intended to vote.

At the close of this evidence for the commonwealth, the defendant moved for a peremptory instruction; his motion was overruled. The defendant offered no evidence, and the case was submitted to the jury under instructions that followed the rules announced in the case of Commonwealth v. Baker, 237 Ky. 380, 35 S. W. (2d) 548, and resulted in his conviction.

Upon this appeal he argues that when he pleaded "not guilty," he thereby put in issue every allegation of the indictment, and hence it was necessary for the commonwealth to prove he had voted in each of these precincts. He admits the commonwealth had shown that he voted in Long's precinct, but insists the commonwealth failed to show he had voted at Doak's precinct because there was one ballot at Doak's precinct that was not counted as we have stated. This so-called blank ballot, he argues, may have been his ballot, and that, if it was, then he had not voted, according to the opinion in Commonwealth v. Baker, 237 Ky. 380, 35 S. W. (2d) 548. He

argues that the jury merely guessed that was not his ballot and that his liberties have thus been guessed away.

In the case we have cited we set out just what the instruction should be relative to voting, and said that under such circumstances it would be permissible for the jury to infer the defendant had legally stamped his ballot. All of these circumstances were shown by the evidence, and the jury's inference drawn from them cannot be disturbed.

The judgment is affirmed.